**WILLIAM CRAMER, an individual,**
**Plaintiff–Appellant,**

v.

**Kamala D. HARRIS, Attorney General, in her official capacity as Attorney General of California and Humane Society of the United States, Defendants–Appellees.**

No. 12–56861.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 2, 2015.*

Filed Feb. 4, 2015.

John Charles Hueston, Esquire, Bruce Adam Wessel, Steven Feldman, Bret Douglas Hembd, Christopher Mitchell Hendy, Irell & Manella LLP, Los Angeles, CA, for Plaintiff–Appellant.

Susan K. Smith, AGCA–Office of the California Attorney General, Los Angeles, CA, for Defendants–Appellees.

Before: D.W. NELSON, BYBEE, and IKUTA, Circuit Judges.

MEMORANDUM **

Appellant William Cramer appeals the district court's dismissal of his complaint,

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

which challenged the constitutionality of Proposition 2, the Prevention of Farm Animal Cruelty Act, which went into effect on January 1, 2015. We review Rule 12(b)(6) dismissals and void for vagueness claims de novo. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001); *United States v. Cooper*, 173 F.3d 1192, 1202 (9th Cir.1999). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

For a statute to survive a vagueness challenge, it must "give [a] person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). Additionally, the law "must provide explicit standards for those who apply them," to prevent "arbitrary and discriminatory enforcement." *Id.* Cramer's complaint does not allege facts sufficient to state a claim that Proposition 2 is flawed in such a manner. *See Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995–96 (9th Cir.2014). Proposition 2 does give people of "ordinary intelligence" a "reasonable opportunity" to understand its requirements. It says that "a person shall not tether or confine" chickens in a manner that prevents them from either "fully spreading both wings without touching the side of an enclosure or other egg-laying hens" or "turning in a complete circle without any impediment, including a tether, and without touching the side of an enclosure." Cal. Health & Safety Code §§ 25990–25991. Thus, any person confining his or her chickens in a manner where the chickens would not be capable of such actions, is in violation of Proposition 2.

Cramer argues that because Proposition 2 does not specify minimum cage sizes for egg-laying hens, no one can be certain what sizes do or do not violate the statute. He is incorrect. All Proposition 2 requires is that each chicken be able to extend its limbs fully and turn around freely. This can be readily discerned using objective criteria. Because hens have a wing span and a turning radius that can be observed and measured, a person of reasonable intelligence can determine the dimensions of an appropriate confinement that will comply with Proposition 2. While it may have been preferable for Proposition 2 to state that an enclosure for egg-laying hens must provide a specified minimum amount of space per bird, the Due Process Clause does not demand "perfect clarity" or "precise guidance." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 19, 130 S.Ct. 2705, 177 L.Ed.2d 355 (2010) (internal quotation marks and citation omitted).

**AFFIRMED.**